UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD WASHINGTON, JR., )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Plaintiff, ) Case No. 2:08-cv-01273-KJD-PAL
　　　　　　　　　　　　　　　　　　 )
vs. ) **ORDER**
　　　　　　　　　　　　　　　　　　 )
DALAROSA, et al., ) (IFP App. - Dkt. #6)
　　　　　　　　　　　　　　　　　　 ) (Mtn to Appt Counsel - Dkt. #11)
　　　　　　　　　　Defendants. )
_____)

Plaintiff Donald Washington, Jr. is an incarcerated person proceeding in this action *pro se*, has requested authority pursuant 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

**I.	*In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $350 filing fee. See 28 U.S.C. § 1914(a). An initial partial payment is assessed pursuant to Section 1915(b)(1). Plaintiff will be assessed an initial partial filing fee of **$11.17** for this action pursuant to 28 U.S.C. § 1915(b)(1). Upon payment of that initial partial filing fee, Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fee is paid. The court will now review Plaintiff's complaint.

/ / /

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. Hafer v. Melo, 502 U.S. 21, 26 (1991).

Plaintiff's Complaint alleges that his Eighth Amendment rights have been violated because he does not have adequate light in his cell. On July 16, 2007, Plaintiff filed a grievance with the prison complaining that the light in his cell was inadequate. He stated that when his cell was converted into an

administrative segregation cell, the original light fixture was removed and replaced with low and high beam florescent bulbs. Plaintiff wears prescription eyeglasses and has difficulty seeing to read. Plaintiff's grievance was addressed, and the grievance form indicates, that a new light fixture was installed in Plaintiff's cell on August 13, 2007. Plaintiff was dissatisfied with the repair, and he stated on August 27, 2007 that his eye sight was deteriorating due to the lack of light in his cell. On October 9, 2007, an electrician visited Plaintiff's cell and took light readings from Plaintiff's cell and the neighboring cell. The light in Plaintiff's cell was higher than that in the adjacent cell, and it met the levels required by the California Department of Corrections. Therefore, the formal level grievance was denied. Plaintiff again expressed his dissatisfaction with the light on November 1, 2007, and a second level review was undertaken. On December 5, 2007, the second level reviewer issued its response partially granting Plaintiff's appeal. The reviewer found that the actions undertaken in replacing the light in Plaintiff's cell and testing the light readings was sufficient. The reviewer denied Plaintiff's request for monetary damages.

As a general matter, the Eighth Amendment of the United States Constitution prohibits "cruel and unusual punishment." U.S. Const., Amend. VIII. The United States Supreme Court has found that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment. Whitley v. Albers, 485 U.S. 312, 319 (1986) (citations omitted). Further, "[a]mong 'unnecessary and wanton' inflictions of pain are those that are totally without penological justification." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (some citations omitted). To prove an Eighth Amendment violation, an inmate must satisfy a two part test consisting of an objective prong and a subjective prong. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2003). Under the objective prong, an inmate must show that his incarceration conditions deny him "the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347. Whether a particular prison condition satisfies the objective prong constitutes an issue of law. Madrid, 889 F.Supp. at 1246. Adequate lighting is one of the "fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996). Inmates are required to have "a minimum level of illumination in jails so that normal activities of life may be conducted. See, e.g., Martino v. Carey, 563 F.Supp. 984, 1000 (D.Or. 1983) (collecting illumation cases). Courts have found lighting conditions to be inadequate if they cause inmates to

suffer health problems, including headaches, eye strain, and fatigue. See Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985); see also Martino, 563 F.Supp. at 999 (finding Eighth Amendment violation where cells' windows were painted over and inmate's cell was "as dark as a dungeon" and inmates were unable to read even during daylight hours).

The subjective prong requires an inmate to show that the deprivation was the result of "deliberate indifference" by prison personnel. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991) (citations omitted). Such indifference occurs only when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). In essence, to show this prong requires that the defendant "consciously disregard a substantial risk of serious harm." Madrid v. Gomez, 889 F.Supp. 1146, 1246 (N.D. Cal. 1995). Thus, prison officials mat be found liable for denying humane conditions of confinement only if they knew that an inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 838-42 (1994); see also Morgan v. Morgansen, 465 F.3d 1041, 1045-47 (9th Cir. 2006) (Eighth Amendment claim stated where inmate forced to continue working in prison print shop despite notifying officials of dangerously defective printing press).

In this case, Plaintiff alleges that he is "dam [sic] near blind" and needs light to see his legal work. His Complaint, and the documents attached in support of his Complaint, indicate he filed a grievance and that prison officials responded to his complaints about the lighting in his cell. An electrician was brought in, and lighting upgrades were installed in his cell. Additional readings were taken confirming that the lighting in his cell met design criteria for a dorm or cell. Washington's request to have an electrician put in adequate lighting was granted, and the work was completed October 9, 2007. However, Washington's request for $100 in compensation was denied. Washington responded to the remedial measures that were taken, stating he was dissatisfied because he "already have [sic] bad eyesight" and believed the lack of light "further hindered" his poor eyesight. Accepting his complaint allegations as true, Washington cannot meet the second prong of the deliberate indifference test. The face of his Complaint and supporting attachments establish that prison officials did not consciously disregard a substantial risk of serious harm. Rather, prison officials responded to

///

4

his complaints and undertook remedial measures. The Complaint fails to state a claim for violation of Washington's Eighth Amendment rights and will be dismissed with leave to amend.

## II.     Plaintiff's Motion to Appoint Counsel (Dkt. #11).

Plaintiff's Motion to Appoint Counsel (Dkt. #11) asserts he is financially unable to retain counsel, that the issues presented by this case are complex and difficult for him to understand, and that extensive discovery will be required. Plaintiff also asserts the prison limits his access to the law library, and he has no legal experience and very little knowledge of the law.

In civil cases the district court may only appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis. See Mallard v. United States Dist. Ct., 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

In making its determination, the court will consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). It is, therefore, the plaintiff's duty in a motion based upon 28 U.S.C. § 1915 to demonstrate to the court that he cannot afford to obtain private counsel, that he is likely to succeed on the merits of his claim, and that the legal issues involved are too complex to be presented adequately without the assistance of counsel

Plaintiff has not shown exceptional circumstances warrant the appointment of counsel. Although Plaintiff's *in forma pauperis* application establishes that he is not financially able to retain counsel, he has not established he is likely to succeed on the merits or that there are complex factual or legal issues involved in this case.

/ / /

/ / /

/ / /

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $350 filing fee. See 28 U.S.C. § 1914(a). An initial partial payment is assessed pursuant to Section 1915(b)(1). Plaintiff shall be assessed an initial partial filing fee of **$11.17** for this action pursuant to 28 U.S.C. § 1915(b)(1). Upon payment of that initial partial filing fee, Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fee is paid.

3. The Clerk of Court shall file the Complaint.

4. Plaintiff's Complaint is DISMISSED, with leave to amend, for failure to state a claim upon which relief can be granted. Plaintiff shall have until **March 9, 2010** in which to file an Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this order will result in a recommendation to the District Judge that the Complaint be dismissed.

5. Plaintiff's Motion to Appoint Counsel (Dkt. #11) is DENIED.

Dated this 10th day of February, 2010.

                                               PEGGY A. LEEN
                                               UNITED STATES MAGISTRATE JUDGE